# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN A. SEXTON, | ) | 1:14-cv-00188 LJO GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| CONNIE GIPSON, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

///

1

II.     **Plaintiff's Claims**

   A.   **Summary of Complaint**

   Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this action against defendant correctional officials employed by the CDCR at Corcoran. Plaintiff names the following individual defendants: Warden Connie Gipson; Sergeant Gonzalez; Correctional Officer (C/O) Guzman; C/O Johnson; C/O Nolan; C/O Castro. Plaintiff's claims stem from an incident on August 20, 2013. Plaintiff's statement of claim, in its entirety, follows:

   > On 8-20-13 I was harshly slammed in a corner head first by C/O Castro, not resisting from a fight I had with a inmate C/O Castro was wrong and I have head akes [sic] from that on 12-9-13 C/O Guzman & C/O Hoo came in my cell and took and destroyed my property family pictures, broke my Walkman & TV all of these C/O are in cohus [sic] and are very corrupt here at Corcoran State Prison mentally and physically

   B.   **Excessive Force**

   The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

   Plaintiff's allegations describing the incident of physical force on August 20, 2013, are sufficient to give rise to a claim for relief against Defendant Castro.

   C.   **Personal Property**

   Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is

2

actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.  Further, California law provides an adequate post-deprivation remedy for any property deprivations.  See Ca. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

### D. Other Defendants

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick, 500 F.3d at 987.  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

Plaintiff has not linked Defendants Gonzalez, Johnson and Nolan to any acts or omissions that violated Plaintiff's federal rights.  Therefore, Plaintiff fails to state claims against them.  As to Defendant Warden Gipson, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that

demonstrates a violation of Plaintiff's federal rights.  Plaintiff has not alleged any actionable conduct as to Warden Gipson.  She should therefore be dismissed.

### III.  Conclusion and Order

Plaintiff's complaint states a claims under the Eighth Amendment against Defendant Castro for use of excessive physical force.  The complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward to Plaintiff  one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  With respect to defendants like Warden Clark, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Id. at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554  (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Castro for use of excessive physical force; and
3. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 22, 2014**             /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE